**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000130
10-JUN-2019
08:58 AM**

NO. CAAP-17-0000130

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellant, v.
WINDLEY KAPALSKI, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CASE NO. 5CPC-17-000019)

MEMORANDUM OPINION
(By: Fujise, Presiding Judge, Leonard and Hiraoka, JJ.)

## I. INTRODUCTION

Plaintiff-Appellant State of Hawai'i (State) appeals from the February 1, 2017 Circuit Court of the Fifth Circuit's (Circuit Court) Order Granting Defendant's Motion to Dismiss Felony Information With Prejudice (Order).[1] The court dismissed the January 20, 2017 Felony Information charging Defendant-Appellee Windley Kapalski (Kapalski) with Terroristic Threatening in the First Degree (TT1) in violation of Hawaii Revised Statutes (HRS) § 707-716(1)(e) (2014),[2] and Disorderly Conduct in violation of HRS § 711-1101(1)(a) (2014).[3]

---

[1]     The Honorable Kathleen N.A. Watanabe presided.

[2]     HRS § 707-716(1) provides, in relevant part, "(1) A person commits the offense of terroristic threatening in the first degree if the person commits terroristic threatening: . . . . (e) With the use of a dangerous instrument or a simulated firearm."

[3]     HRS § 711-1101(1)(a) provides, in relevant part, "(1) A person commits the offense of disorderly conduct if, with intent to cause physical inconvenience or alarm by a member or members of the public, or recklessly creating a risk thereof, the person: (a) Engages in fighting or threatening, or in violent or tumultuous behavior[.]"

On appeal, the State contends the Circuit Court abused its discretion by dismissing the Felony Information with prejudice.

## II. MOTION FOR JUDICIAL NOTICE

As an initial matter we must first address the State's request that we take judicial notice of the District Court of the Fifth Circuit's (District Court) records in the initial proceedings against Kapalski. On June 26, 2017, the State moved to supplement the record on appeal with the District Court records. On June 30, 2017, we denied this motion without prejudice to the State's filing a request to the merit panel to take judicial notice because the District Court record was not submitted for filing in the underlying proceeding. On December 12, 2017, the State filed its Motion for Judicial Notice of the Trial Docket from 5DCW-17-0000072. In State v. Akana, the supreme court held:

> Under Hawaii Rules of Evidence (HRE) Rule 201(d), a court is mandated to take judicial notice if requested by a party and supplied with the necessary information. The necessary information may be consistent with subsection (b) which permits judicial notice of facts capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

68 Haw. 164, 165-66, 706 P.2d 1300, 1302 (1985). HRE Rule 201(d) provides, "When mandatory. A court shall take judicial notice if requested by a party and supplied with the necessary information." Here, the State provides this court with the electronic filing number necessary to access the case file within the Judiciary Information Management System (JIMS). JIMS is a source whose accuracy as to the District Court records cannot be reasonably questioned and thus meets the Akana court's definition of necessary information. Moreover, a portion of the District Court record has already been transcribed for the record on appeal. Further, the Circuit Court transcript shows the court considered these records in making the decision that is on review. Therefore, we shall take notice of the District Court records.

## III. BACKGROUND

### A. Factual Background

Kaua'i Police Department (KPD) Officer Matthew R. Beadle (Officer Beadle) declared that on Tuesday, January 17, 2017, at about 9:30 p.m. he arrested Kapalski without a warrant at Kukuiula Small Boat Harbor. Officer Beadle declared Bryce Kaohelauilii related that Kapalski approached him with a machete in her right hand, holding it in a threatening manner, and stated, "What brah, you want me to chop you up?" Kapalski was arrested for TT1 and bail was initially set at $5,000.

### B. Procedural History

#### 1. Judicial Determination of Probable Cause

On Thursday, January 19, 2017 at 8:35 a.m., a judicial determination of probable cause (JDPC) for warrantless arrest and extended restraint was made by a district court judge based on Officer Beadle's declaration.[4] Bail was set for $5,000.

#### 2. District Court Complaint

At 10:15 a.m. on January 19, the State filed charges against Kapalski by complaint in District Court as follows:

> COUNT 1: On or about the 17th day of January, 2017, in the County of Kaua'i, State of Hawai'i, WINDLEY KAPALSKI threatened Bryce Kaohelaulii, by word or conduct, to cause bodily injury to Bryce Kaohelaulii with the use of a dangerous instrument, as defined in Section 706-660.1 of the Hawaii Revised Statutes/an instrument that falls within the scope of Section 707-700 of the Hawaii Revised Statutes, to wit: a machete, with the intent to terrorize, or in reckless disregard of the risk of terrorizing Bryce Kaohelaulii, thereby committing the offense of Terroristic Threatening in the First Degree, in violation of Hawaii Revised Statutes Section 707-716(1)(e).

> COUNT 2: On or about the 17th day of January, 2017, in the County of Kaua'i, State of Hawai'i, WINDLEY KAPALSKI, with intent to cause physical inconvenience or alarm by a member or members of the public, or recklessly creating a risk thereof, did engage in fighting or threatening, and/or in violent or tumultuous behavior, thereby committing the offense of Disorderly Conduct in violation of Section 711-1101(1)(a) of the Hawaii Revised Statutes.

The complaint requested bail be set at $5,000.

---

[4] The Honorable Michael K. Soong issued the JDPC.

### 3. District Court Initial Appearance

At 1:10 p.m. on January 19, Kapalski made her initial appearance in District Court.[5] The deputy public defender indicated that Kapalski was eligible for services but her office had a conflict of interest with a potential State witness. The court appointed attorney Lisa Arin (Arin) to be Kapalski's counsel. Kapalski waived reading of the charge and requested a bail study. Bail was confirmed at $5,000 and a preliminary hearing was scheduled for Monday, January 23, 2017 at 1:00 p.m.

### 4. Circuit Court Felony Information

Meanwhile, on Friday, January 20, 2017, at 8:30 a.m., the State initiated proceedings in Circuit Court by filing the Felony Information as follows:

> COUNT 1: On or about the 17th day of January, 2017, in the County of Kaua'i, State of Hawai'i, WINDLEY KAPALSKI threatened Bryce Kaohelaulii, by word or conduct, to cause bodily injury to Bryce Kaohelaulii with the use of a dangerous instrument as defined in Section 707-700 of the Hawaii Revised Statutes, to wit: a machete (cane knife), with the intent to terrorize, or in reckless disregard of the risk of terrorizing Bryce Kaohelaulii, thereby committing the offense of Terroristic Threatening in the First Degree, in violation of Hawaii Revised Statutes Section 707-716(1)(e).

> COUNT 2: On or about the 17th day of January, 2017, in the County of Kaua'i, State of Hawai'i, WINDLEY KAPALSKI, with intent to cause physical inconvenience or alarm by a member or members of the public, or recklessly creating a risk thereof, did engage in fighting or threatening, and/or in violent or tumultuous behavior, thereby committing the offense of Disorderly Conduct in violation of Section 711-1101(1)(a) of the Hawaii Revised Statutes.

The State contemporaneously filed sealed supporting exhibits and Warrant of Arrest Information Charging signed the previous day at 4:55 p.m. The notice of electronic filing (NEF) indicates that Kapalski was to be conventionally served, but does not indicate Kapalski's counsel was to be served. The return of service on the arrest warrant indicates that Kapalski was rearrested at 10:25 a.m. on January 20, at the Kaua'i Judiciary Complex.

### 5. District Court Motion to Dismiss Without Prejudice

At 2:56 p.m. on January 20, the State filed an Ex Parte Motion to Dismiss Without Prejudice the complaint filed in the

---

[5]     The Honorable Michael K. Soong presided.

4

District Court. The NEF indicates that Kapalski was to be conventionally served, but does not indicate Kapalski's counsel was to be served.[6]

### 6. Circuit Court's Arraignment and Plea Hearing

On Monday, January 23, 2017 at 9:21 a.m., the Circuit Court held arraignment and plea on the felony information. The deputy public defender notified the court it had a conflict of interest and attorney Arin was appointed to be Kapalski's counsel in Circuit Court. Kapalski orally moved to dismiss the Felony Information because HRS § 806-83 (Supp. 2016) did not authorize information charging for the crime of TT1. A hearing was set for Wednesday, January 25, 2017, at 9:00 a.m. to allow the parties to file their respective documents. Kapalski requested release on her own recognizance pending the hearing on the motion to dismiss, which the State did not oppose. The court granted the request.

At 10:34 a.m. on January 23, a Bail/Bond Receipt, Acknowledgment, and Notice to Appear was filed indicating Kapalski was released.

### 7. District Court Dismissal Without Prejudice

At 12:05 p.m. on January 23, the District Court entered the order granting the State's Ex Parte Motion to Dismiss Without Prejudice, reciting, "so that the prosecution may continue in the Circuit Court[.]"

### 8. State's Circuit Court Motion to Dismiss Felony Information Without Prejudice

At 1:33 p.m. on January 23, the State moved ex parte to dismiss the Felony Information without prejudice.

### 9. Kapalski's Circuit Court Motion to Dismiss Felony Information With Prejudice

At 2:29 p.m. on January 23, Kapalski moved to dismiss the Felony Information with prejudice. Kapalski based her motion on "the 4th, 5th, and 14th Amendments of the United States Constitution, article 1, sections 5, 6, and 7 of the Hawaii State Constitution, Hawaii Rules of Penal Procedure [(HRPP)] Rules 5,

---

[6] This despite the fact that the order appointing Arin as counsel was filed and JIMS shows her as a party in the district court case as of January 19, 2017.

12, 41 and 47, Hawaii Revised Statutes 806-83[.]" Kapalski argued that the State erred by filing the Felony Information and rearresting her on January 20, 2017 "to avoid having a preliminary hearing in the 5DCW-17-0000072 District Court case within the two-day time period mandated by HRPP Rule 5." Kapalski reemphasized that HRS § 806-83 does not allow charging TT1 by way of information. Kapalski requested that the Circuit Court dismiss the case with prejudice because her due process rights and statutory rights to a preliminary hearing within two days had been violated, and that the State should not be allowed to use a mistake to arrest her for the third time.

### 10. State's Opposition to Kapalski's Motion to Dismiss

On January 24, 2017, the State opposed Kapalski's Motion to Dismiss. The State acknowledged that it mistakenly charged Kapalski by information. The State urged that State v. Estencion, 63 Haw. 264, 269, 625 P.2d 1040, 1044 (1981), controlled and the court should consider the seriousness of the offense, the facts and circumstances which led to dismissal, and the impact of reprosecution on the administration of justice. The State argued pursuant to Estencion, dismissals should be without prejudice because: (1) Kapalski committed a serious offense and posed a danger to the public; (2) a mistake was made by filing a felony information but Kapalski was released prior to the time of the originally scheduled preliminary hearing; (3) the impact on the court and defendant would be minimal because she had notice of the charges and was released prior to the hearing time.

### 11. Circuit Court's Hearing on Motion to Dismiss

On January 25, 2017 at 10:01 a.m., the Circuit Court heard Kapalski's motion to dismiss and the continued arraignment and plea. Kapalski summarized the facts and procedural history and argued the preliminary hearing must be held within two days or violate her due process rights. Kapalski highlighted the lack of notice to defense counsel on the District Court ex parte motion to dismiss. Kapalski's counsel appears to suggest bad faith on the part of the deputy prosecuting attorney (DPA) in filing the Circuit Court Ex Parte Motion to Dismiss as an attempt

to prevent the instant hearing. Kapalski maintained that Estencion only applies to HRPP Rule 48 matters. Kapalski essentially argued that, because the State violated the rules, due process required dismissal with prejudice to prevent the State from continually filing, refiling, and dismissing without prejudice.

The State acknowledged error in filing the Felony Information, but emphasized it was a single error.

The Circuit Court focused its questioning of the State on its contention that Kapalski suffered no prejudice in light of being arrested twice and jailed for six days.[7] The State acknowledged the Estencion factors only apply to HRPP Rule 48 matters, but that they were valid parameters for determining whether the dismissal should be with or without prejudice. The court ruled in favor of Kapalski, stating:

> the Court having reviewed your respective pleadings and the law that each of you relied on, this Court holding due process as a very, very significant consideration by the Court, the Court noting the error by the prosecutor's office in the way that this matter was charged, the Court noting that Ms. Kapalski was incarcerated for a period of six days, all things considered, this Court is granting the motion to dismiss.
>
> Now, I just want to make sure -- okay. We're looking at the State's motion to dismiss without prejudice.
>
> This Court is granting the motion to dismiss, and this is with prejudice. The Court makes a specific finding that Ms. Kapalski being incarcerated for six days, with bail set at 5,000, facing a possible third arrest, this Court finds that there is clear prejudice to Ms. Kapalski, and therefore, looking at your respective motion to dismiss, the Court is granting the defense's motion to dismiss the felony information with prejudice.

12. **Circuit Court's Order Dismissing Felony Information With Prejudice**

On February 1, 2017, the Circuit Court entered the following order:

---

[7] The Circuit Court also questioned the DPA extensively on why Kapalski's counsel was not served with the District Court Ex Parte Motion to Dismiss. It is clear the State filed the motion electronically after Arin had already been appointed. The court appears to fault the State for the lack of electronic service, but the order of Arin's appointment and the JIMS party table show Arin was entered as an attorney in the district court case on January 19, 2017. Attorneys representing parties to a case maintained in JIMS shall register as a JEFS User and *inter alia*, consent to electronic notice. Hawai'i Electronic Filing and Service Rules, Rule 4.1; 4.2.

<u>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FELONY</u>
<u>INFORMATION WITH PREJUDICE</u>

The Defendant having moved this Court for a Dismissal of the Felony Information with Prejudice, and the matter coming on for hearing on the motion before the Honorable Kathleen N.A. Watanabe on January 25, 2017. The Defendant WINDLEY KAPALSKI (hereinafter "Defendant"), by and through her attorney, Lisa R. Arin, being present at the hearing, with the STATE OF HAWAII being represented by Deputy Prosecuting Attorney Anne Clarkin, the State having no objection to the dismissal of the Felony Information however objecting to a dismissal with prejudice, alternatively arguing for a without prejudice dismissal, the court having reviewed the pleadings of both parties, and having heard arguments of counsel and considering the records and files in this case, the Court finding that Due Process is a significant consideration and making the specific finding that the Defendant has suffered clear prejudice, in that the Defendant having been arrested and incarcerated for six (6) days without a probable cause hearing due to error by the Prosecutor, and facing a third arrest and being held in jail for this one incident;

IT IS HEREBY ORDERED AND DECREED that Defendant's Motion to Dismiss Felony Information with Prejudice is hereby granted, and the Felony Information is hereby dismissed with prejudice.

This appeal followed.

### IV.  POINT ON APPEAL

The State raises a single point on appeal, that the Circuit Court abused its discretion by dismissing the felony information with prejudice.

### V.  STANDARDS OF REVIEW

#### A.  Dismissal of a Criminal Charge

The use of a trial court's inherent power to dismiss a criminal charge with prejudice is reviewed for abuse of discretion.  <u>State v. Kostron</u>, 128 Hawaiʻi 312, 288 P.3d 130, No. 30217, 2012 WL 4478586 at *2 (App. Sept. 28, 2012) (SDO) (citing <u>State v. Mageo</u>, 78 Hawaiʻi 33, 37, 889 P.2d 1092, 1096 (App. 1995)).

#### B.  Abuse of Discretion

"The trial court abuses its discretion when it clearly exceeds the bounds of reason or disregards rules or principles of law or practice to the substantial detriment of a party litigant."  <u>State v. Plichta</u>, 116 Hawaiʻi 200, 214, 172 P.3d 512, 526 (2007) (citation and internal quotation marks omitted).

8

**C.    Constitutional Due Process Rights of Accused**

"'We answer questions of constitutional law by exercising our own independent constitutional judgment based on the facts of the case.  Thus, we review questions of constitutional law under the right/wrong standard.'" State v. Vaimili, 135 Hawai'i 492, 499, 353 P.3d 1034, 1041 (2015) (quoting State v. Pratt, 127 Hawai'i 206, 277 P.3d 300 (2012)).

## VI. DISCUSSION

**A.    The Circuit Court Abused Its Discretion by Dismissing the Felony Information With Prejudice**

The State argues the Circuit Court abused its discretion by dismissing the Felony Information against Kapalski with prejudice.  It is uncontested that TT1 cannot be charged by information pursuant to HRS § 806-83.  The issue is whether the court should have dismissed the Felony Information with prejudice.

**1.    Hawai'i Case Law Regarding the Trial Court's Inherent Power to Dismiss Charges With Prejudice**

In State v. Moriwake, the supreme court recognized the trial court is vested with undefined inherent judicial powers by article IV, section 1 of the Hawai'i Constitution.  65 Haw. 47, 55, 647 P.2d 705, 711-12 (1982).  There, the supreme court held the trial court had the inherent power to dismiss an indictment with prejudice after two hung juries.  Id. at 57, 647 P.2d at 713.  The court stated that power includes "the power to administer justice . . . " and the exercise of inherent power "is a matter of balancing the interest of the State against fundamental fairness to a defendant with the added ingredient of the orderly functioning of the court system."  Id. at 55-56, 647 P.2d at 712.  The supreme court held the trial court properly exercised its discretion and inherent powers by dismissing the indictment with prejudice after two "nearly identical trials" with no indication a third would have a different result.  Id. at 57, 647 P.2d at 713.

In State v. Alvey, the supreme court held the trial court erred in ruling a prison disciplinary committee finding favorable to the prisoner had a preclusive effect on subsequent

9

criminal prosecution. 67 Haw. 49, 57, 678 P.2d 5, 10 (1984). The trial court posited the alternate ground that it could dismiss the case with prejudice as an exercise of its inherent power under the common and statutory law. Id. at 53, 678 P.2d at 8. Citing Moriwake, the supreme court recognized the trial court's inherent power to dismiss an indictment, but absent a clear denial of due process or governmental misconduct that power does not extend to dismissing an otherwise valid indictment on grounds of comity and judicial economy prior to a defendant's first trial. Id. at 57, 678 P.2d at 10-11 (Moriwake, 65 Haw. at 55, 647 P.2d at 712). The supreme court held the trial court abused its discretion by dismissing the indictment with prejudice. Id. at 57, 678 P.2d at 11.

In State v. Correa, this court held the family court abused its discretion in dismissing the charges against the defendant with prejudice. 124 Hawai'i 179, 185, 238 P.3d 706, 712 (App. 2010). There, the trial court dismissed the charge for the sole reason the DPA had not personally spoken to the complainant before calendar call as evidence of unpreparedness. Id. We noted the situation was closer to Alvey than Moriwake, because Alvey held the trial court is not empowered to dismiss charges with prejudice prior to the first trial absent a clear violation of due process or prosecutorial misconduct. Id. at 184-85, 238 P.3d at 711-12. The dismissal based on the DPA's conduct was not warranted absent a "'serious threat to the integrity of the judicial process.'" Id. at 185, 238 P.3d at 712 (quoting Alvey, 67 Haw. 57, 678 P.2d at 10). We held the trial court abused its discretion by dismissing the charges with prejudice. Id.

In Kostron, this court affirmed the trial court's dismissal of charges with prejudice. 2012 WL 4478586 at *3. There, the circuit court dismissed the State's original charges with prejudice for the DPA's inexcusable lack of readiness for trial after a year. Id. at *1. Thereafter, the court granted the State's motion for reconsideration and permitted refiling. Id. However, the State erred in its refiling by changing the injury alleged to "serious bodily injury" instead of "substantial

bodily injury" as in the prior complaint. Id. At a status conference eleven days before trial, the court questioned the change and subsequently the State sought to amend its filing, admitting it could not prove "serious bodily injury[.]" Id. at *2. The defendants moved to dismiss with prejudice, which the court granted. Id. We held the court acted within its inherent powers to dismiss with prejudice because in the context of the case the court had balanced the interest of the state against the fundamental fairness to the defendants. Id. at *3. Factors weighing in favor of dismissal with prejudice were unspecified misrepresentations and misconduct by the original DPA, the reconsideration and refiling of charges, the State's charging error in the refiled charges, the State's several claims to be ready to proceed to trial in spite of defective charges it could not prove, and that the court had pointed out the error to the State. Id. at *2.

Thus, case law recognizes that the constitution gives courts the inherent power to dismiss charges with prejudice, but that power is not unbounded. Moriwake, 65 Haw. at 55-56, 647 P.2d 705, 711-12; Alvey, 67 Haw. at 57, 678 P.2d at 10-11. The court must balance the interests of the state against fundamental fairness to the defendant, with the added ingredient of the orderly functioning of the court system. Moriwake, 65 Haw. at 55-56, 647 P.2d at 712. For example, the court acts within its discretion when dismissing charges after two mistrials, but the court abuses that discretion when dismissing prior to the first trial for comity or judicial economy absent a due process violation or misconduct that represents a serious threat to the integrity of the judicial process. Compare Id. at 57, 647 P.2d at 713 with Alvey, 67 Haw. at 57, 678 P.2d at 10-11. The court acts within its discretion when it dismisses after more than two years of failure to prosecute and errors in charges, but abuses that discretion when dismissing merely because the DPA had not personally spoken to the complainant. Compare Kostron, 2012 WL

11

4478586 at *2-3 with Correa, 124 Hawai'i at 185, 238 P.3d at 712.[8]

### 2. The Circuit Court Abused Its Discretion in Dismissing the Felony Information With Prejudice

In the present case, the Circuit Court dismissed the Felony Information with prejudice because:

> Due Process is a significant consideration and making the specific finding that the Defendant has suffered clear prejudice, in that the Defendant having been arrested and incarcerated for six (6) days without a probable cause hearing due to error by the Prosecutor, and facing a third arrest and being held in jail for this one incident[.]

Essentially, the court granted the motion to dismiss because it concluded Kapalski's due process rights were violated where she was held for six days without a probable cause hearing and would be subject to a third arrest.

In comparison to the cases discussed above, the factual situation here is more like Alvey than Moriwake because the charges were dismissed prior to the first trial.[9] It is also more like Alvey than Correa or Kostron because dismissal with prejudice happened at such an early stage of the proceeding. In Alvey, the court suggested early dismissal could be justified by a violation of due process or government misconduct. 67 Haw. at 57, 678 P.2d at 10. Here, the court found such a violation of due process but did not find prosecutorial misconduct, although it was undisputed the Felony Information was filed in error. Therefore, if the court correctly found a violation of due process it is unlikely to have abused its discretion.

We note at the outset, where a trial court dismisses charges with prejudice it is necessary to expressly state its factual findings and set forth its reasons to enable

---

[8]    Kapalski seeks to distinguish these cases because the felony information was subject to dismissal for erroneously charging TT1. While the language in Alvey refers to an "otherwise valid indictment" the error here was one of process, not of the substance of the charge itself. Had the State correctly followed the charging procedures there is no indication in the record that the charge against Kapalski was deficient. Indeed, that the Felony Information was reviewed and approved by a judge supports the notion that sufficient allegations of probable cause, supported by sworn statements, were presented.

[9]    For the same reason Kapalski's reliance on State v. Hinton, 120 Hawai'i 265, 267, 204 P.3d 484, 486 (2009), is also misplaced.

conscientious appellate review. <u>State v. Hern</u>, 133 Hawai'i 59, 64, 323 P.3d 1241, 1246 (App. 2013) (citing <u>Moriwake</u>, 65 Haw. at 57 n.16, 647 P.2d at 713 n.16; <u>Mageo</u>, 78 Hawai'i at 38, 889 P.2d at 1097). Here, the Circuit Court's reasoning is unclear from its order. However, we need not remand where the record is sufficient for the appellate court to make a determination of whether the trial court abused its discretion. <u>Hern</u>, 133 Hawai'i at 65, 323 P.3d at 1247 (citing <u>United States v. Robinson</u>, 389 F.3d 582, 587-89 (6th Cir. 2004)).

While the Circuit Court's order lacks specificity, it appears from the record the court based its view that the State violated Kapalski's due process rights because she did not receive a preliminary hearing in district court within two days of her initial appearance as required under HRPP Rule 5(c)(3).[10] This proposition fails as both a matter of law and fact.

In <u>Moana v. Wong</u>, the supreme court interpreted HRPP Rule 5(c)(3). 141 Hawai'i 100, 108, 405 P.3d 536, 544 (2017). There, the petitioners sought writ of mandamus arguing the judges violated HRPP Rule 5(c)(3) by denying their respective motions for release on their own recognizance.[11] Interpreting the rule, the court held:

---

[10]   HRPP Rule 5(c)(3) provides:

TIME FOR PRELIMINARY HEARING; RELEASE UPON FAILURE OF TIMELY DISPOSITION. The court shall conduct the preliminary hearing within 30 days of initial appearance if the defendant is not in custody; however, if the defendant is held in custody for a period of more than 2 days after initial appearance without commencement of a defendant's preliminary hearing, the court, on motion of the defendant, shall release the defendant to appear on the defendant's own recognizance, unless failure of such determination or commencement is caused by the request, action or condition of the defendant, or occurred with the defendant's consent, or is attributable to such compelling fact or circumstance which would preclude such determination or commencement within the prescribed period, or unless such compelling fact or circumstance would render such release to be against the interest of justice.

[11]   The court deemed the issue moot because both parties were subsequently charged by indictment and felony information, but took up the issue under the exception to the mootness doctrine that it was capable of repetition and would otherwise evade review. <u>Id.</u> at 106-07, 405 P.3d at 542-43 (citing <u>State v. Tui</u>, 138 Hawai'i 462, 468, 382 P.3d 274, 280 (2016)).

13

> HRPP Rule 5(c)(3) provides only for the release of the defendant upon the defendant's motion if a hearing is not conducted within the prescribed time period; <u>it does not provide for the dismissal of charges without prejudice</u>, as many courts have held to be the case under the "mandatory" language of other jurisdictions.

<u>Id.</u> at 111, 405 P.3d at 547 (emphasis added) (citing <u>State v. Hutcheson</u>, 352 S.E.2d 143, 148 (W. Va. 1986)). Therefore, the only remedy HRPP Rule 5(c)(3) could provide was release. Further, the number of days between the initial appearance and the preliminary hearing is a matter of court rule, and is not a constitutional requirement. <u>See</u> <u>Gerstein v. Pugh</u>, 420 U.S. 103, 125 (1975) (determination of probable cause for a significant pretrial restraint liberty must be made "promptly"). <u>Cf.</u> 18 U.S.C.A. § 3060 (a), (b)(1) (West) (persons in custody must receive preliminary examination within fourteen days after initial appearance). Here, the JDPC was made within forty-eight hours of Kapalski's warrantless arrest, satisfying the constitutional requirements for detention. <u>County of Riverside v. McLaughlin</u>, 500 U.S. 44, 56 (1991) (determinations of probable cause within forty-eight hours of arrest will generally comply with promptness requirements of <u>Gerstein</u>). Thus, the Circuit Court erred as a matter of law by ruling a violation of HRPP Rule 5(c)(3) equated to a due process violation to support dismissal with prejudice.[12]

Furthermore, the facts here indicate that HRPP Rule 5(c)(3) was not violated. After her warrantless arrest, Kapalski was properly held pursuant to a JDPC finding of probable cause for arrest and extended restraint, which was obtained within the forty-eight-hour time limit prescribed by HRPP Rule 5(a)(2). Kapalski's preliminary hearing was scheduled for Monday, January 23, 2017, at 1:00 p.m. at her initial appearance on Thursday, January 19, 2017, at 1:10 p.m. The hearing would have occurred within the two-day time limit as calculated under

---

[12] It should be noted that <u>Gerstein</u> is rooted in the Fourth Amendment not in the Due Process Clause. <u>Albright v. Oliver</u>, 510 U.S. 266, 288 (1994) (the Court resists relying on the Due Process Clause when doing so would duplicate a protection of a more specific constitutional provision).

HRPP Rule 45(a),[13] which excludes holidays and weekends. Moana, 141 Hawai'i at 104 n.1, 405 P.3d at 540 n.1. The intervening erroneous Felony Information and District Court Ex Parte Motion to Dismiss Without Prejudice halted the preliminary hearing. However, Kapalski was released on her own recognizance at 10:34 a.m. on January 23, 2017, prior to the scheduled preliminary hearing pursuant to her oral motion. Thus, there was no violation of the rule on these facts because Kapalski had been released prior to the elapse of two days.

For the first time on appeal, Kapalski asserts that she was subject to double bail because of the State's error. Below, the State claimed Kapalski's bail had been transferred. The factual record does not make clear whether Kapalski was subject to double bail or whether bail was transferred. The record shows KPD rearrested Kapalski at the Kaua'i Judiciary Complex pursuant to the Felony Information and that bail was set at $5,000 on January 19, 2017. The record also demonstrates the District Court's Order Granting Ex Parte Motion to Dismiss Without Prejudice was granted on January 23, 2017, after Kapalski was released on her own recognizance following the hearing, suggesting that she was not in fact subject to double bail. In addition, the record shows that Kapalski was unable to post $5,000 bail pursuant to the warrantless arrest or as confirmed by the District Court at her initial appearance, which suggests the amount of bail was irrelevant to her ability to post bail. In any event, the factual record is not adequately developed to resolve this disputed factual question in either parties' favor.

---

[13] HRPP Rule 45(a) provides:

(a) Computation. In computing any period of time the day of the act or event from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included unless it is a Saturday, a Sunday, or a holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a holiday. When a period of time prescribed or allowed is less than 10 days, intermediate Saturdays, Sundays and holidays shall be excluded in the computation. Computation of the period set forth in Rule 5(a) shall be based on the actual time elapsed without regard to the exceptions set forth in this rule. As used in these rules, "holiday" includes any day designated as such pursuant to Section 8-1 of the Hawai'i Revised Statutes.

Moreover, the Circuit Court did not take the matter of double bail into consideration in granting the motion to dismiss with prejudice and therefore, it could not have affected the court's balancing of factors.

As such, we conclude the Circuit Court abused its discretion in balancing the interest of the State against fundamental fairness to Kapalski with the added ingredient of the orderly functioning of the court system because it dismissed the charges prior to the first trial with prejudice absent a violation of due process or a showing of prosecutorial misconduct.

## VII. CONCLUSION

Based on the foregoing, we vacate the February 1, 2017 Order Granting Defendant's Motion to Dismiss Felony Information With Prejudice entered by the Circuit Court of the Fifth Circuit and remand for proceedings not inconsistent with this memorandum opinion.

DATED:  Honolulu, Hawai'i, June 10, 2019.

On the briefs:

Tracy Murakami,
Deputy Prosecuting Attorney,
County of Kaua'i,
for Plaintiff-Appellant.

Presiding Judge

Lisa R. Arin,
for Defendant-Appellee.

Associate Judge

Associate Judge

16